JOSEPH FRANKLIN v. HENRY HURLBERT.

(No. 1281, Op. Book No. 2, p. 628.)

APPEAL from Galveston County.    Opinion by WINKLER, J.

·§ 816. *Landlord and tenant; the latter cannot dispute the title of the former; exceptions to this rule stated.* It is a well settled general rule that a lessee cannot deny the title of his landlord, and this rule applies whether the tenant was in possession before the lease was made

or not. So long as he remains in undisturbed possession he is estopped from attacking the title under which he entered, unless his entry was induced by the fraud of the landlord or by a mistake in the execution of the lease, or unless the lease was made for purposes in violation of law. The estoppel only exists during his tenancy, express or implied; after that is ended, whether by surrender or otherwise, he may set up title in himself or in a third person. A tenant for years, holding over after his term has expired, is treated as holding as tenant upon the terms of the former lease, and he remains subject to the estoppel. [Wood's Landlord and Tenant, § 236 et seq.] Among exceptions to the general rule as stated above are the following: When the estate which the landlord held vests in the lessee, whether by purchase from the lessor or by a purchase under valid legal proceedings, the tenant may set up this title in defense to any action brought against him by the lessor, either to recover possession of the premises or to recover after accruing rent, and, indeed, in all cases it is competent for the tenant to show that the landlord's title has terminated, as that the premises have been sold under foreclosure proceedings, under execution or for taxes, or, indeed, that the title of the landlord has, from any cause, expired. So a tenant is not estopped when he has been induced to take a lease from the landlord by his fraud or misrepresentation, or under a misapprehension or mistake. Neither is he estopped from setting up a paramount title in another, when he has been evicted or a judgment of eviction has been obtained against him, nor when the payment of rent by him was merely gratuitous. The foregoing rules not having been observed in the trial of the case in the court below, the judgment was erroneous.

March 22, 1882.          Reversed and remanded.

NOTE.— A motion for rehearing in the foregoing case was determined at the Galveston Term, 1883, of the court. [See *ante*, § 203.] Opinion delivered by WILLSON, J.